UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JAMES MAXWELL,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL UNDERHILL,<br><br>Defendant. | Case No. 16-cv-01144-EMC<br><br>**ORDER DISMISSING CASE** |

## I. INTRODUCTION

On March 8, 2016, Plaintiff Kenneth James Maxwell, Jr. filed the instant lawsuit against Defendant Michael Underhill, alleging three claims: (1) "Abridging the Freedom of Speech," (2) Abriding the Freedom "of the Press," and (3) "Petition the Government for a Redress of Grievances." Docket No. 1 (Compl.). Mr. Maxwell also filed an application to proceed *in forma pauperis*. Docket No. 2. Because Mr. Maxwell stated only minimal factual allegations, including no facts regarding Mr. Underhill, Judge James issued a report and recommendation, recommending that the Court exercise its duty to dismiss a case proceeding *in forma pauperis* where the complaint fails to state a claim on which relief may be granted. Docket No. 7 (R&R). On April 19, 2016, the Court adopted Judge James's report and recommendation and dismissed Mr. Maxwell's complaint, with leave to file an amended complaint by May 23, 2016. Docket No. 12 (Ord.).

Mr. Maxwell was served with the Court's Order at his San Francisco address; however, the Court's mailings have been returned as undeliverable. *See* Docket Nos. 13, 15, 16. Around May 10, 2016, Mr. Maxwell informed the Court of a new Los Angeles address, and the Court mailed a copy of the Order to the updated address. Docket No. 14. Around June 6, 2016, Mr. Maxwell told

the Court he had not received the Court's Order, but that he had mailed an amended complaint; however, the Court never received the amended complaint. *See* Docket No. 18. The Court issued a clerk's notice, stating that Mr. Maxwell would have until June 17, 2016 to file his amended complaint with the Court. *Id.* The Court's Order adopting Judge James's report and recommendation and the clerk's notice were delivered to Mr. Maxwell's Los Angeles address. Docket No. 18-1. No amended complaint was filed.

On June 22, 2016, the Court issued an Order requiring Mr. Maxwell to file an amended complaint by July 8, 2016, and warned that failure to file an amended complaint will result in dismissal of the complaint with prejudice for failure to prosecute. Docket No. 20. The Court again included a copy of Judge James's report and recommendation and the Court's Order adopting Judge James's report and recommendation. *Id.* at 2. This Order was sent to Mr. Maxwell's Los Angeles address. Docket No. 20-1.

Because the Court has not received an amended complaint as of July 18, 2016, the Court **DISMISSES WITH PREJUDICE** Mr. Maxwell's complaint, for failure to prosecute.

## II.    DISCUSSION

A district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). Such a dismissal should only occur when the failure to comply is unreasonable. *Id.*; *see also Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) (dismissal under Rule 41(b) proper when plaintiff, given the opportunity to amend or be dismissed, did nothing; but dismissal improper when plaintiff made affirmative choice not to amend and clearly communicated that choice to court because there has been no disobedience to a court's order and plaintiff has right to stand on the pleading).

The Court considers five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. *See Malone v. United*

2

*States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986). It should also afford the litigant prior notice of its intention to dismiss. *Malone*, 833 F.2d at 133.

    The Court finds that the public's interest in expeditious litigation and the court's need to manage the docket is served by dismissal. Mr. Maxwell's amended complaint was originally due on May 23, 2016, but an amended complaint has still not been filed nearly two months past this original deadline. As to the third factor, the Ninth Circuit has found that "actual prejudice to a defendant is not required, as '[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure.'" *Navarro-Covert r. R.J. Reynolds, Inc.*, No. 09-6086 EMC, 2012 U.S. Dist. LEXIS 22371, at *8 (N.D. Cal. Feb. 24, 2012) (quoting *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)).

    With respect to the fourth factor, the Court has already tried less drastic alternatives. "A district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the consideration of less drastic sanctions requirement." *Libby v. Colvin*, No. C14-2279 EMC, 2015 U.S. Dist. LEXIS 1052, at *3 (N.D. Cal. Jan. 6, 2015) (internal quotation omitted). Here, after Mr. Maxwell's initial failure to comply with the Court's order, the Court twice extended the deadline to file a complaint, which Mr. Maxwell has still not complied with. In its June 22, 2016 Order, the Court specifically warned that it would dismiss the instant action with prejudice if an amended complaint was not filed by July 8, 2016. *See* Docket No. 20 at 2. Further, less drastic alternatives, such as evidentiary or monetary sanctions, would likely be ineffective given Mr. Maxwell's failure to prosecute this case from the beginning as well as his *in forma pauperis* status. *See, e.g.*, *Ervin v. Bank of Am., N.A.*, No. 2:12-cv-1595 KJM KJN PS, 2013 U.S. Dist. LEXIS 64000, at *11 (E.D. Cal. May 3, 2013) (finding no suitable alternative to dismissal of the action given that "plaintiff is proceeding in forma pauperis and thus would very likely be unable to pay any monetary sanction imposed in lieu of dismissal").

    Finally, while the public policy favoring disposition of cases on their merits always counsels against dismissal for failure to prosecute, the Court finds this factor outweighed by the considerations discussed above.

3

## III. CONCLUSION

Accordingly, the Court **DISMISSES WITH PREJUDICE** this action for failure to prosecute. The Clerk is instructed to enter judgment and close the file.

**IT IS SO ORDERED**.

Dated: July 19, 2016

_____
EDWARD M. CHEN
United States District Judge